UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 2 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Brucestan T. Jordan, )
)
    Plaintiff, )
)
v. )  Civil Action No. **10 1439**
)
United States *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the complaint accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

Plaintiff, a prisoner at the Federal Correctional Institution in Miami, Florida, seeks review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, of agency action allegedly taken during his criminal prosecution in the United States District Court for the Middle District of Tennessee. He claims that but for defendants' acts, which allegedly included the filing of two ex parte motions under seal and the withholding of evidence from plaintiff, "defendants would not have received the judgment and sanctions that were awarded to [them]." Compl. at 4. The sanctions awarded "include[] becoming 'perceived' in rem property of the UNITED STATES," *id.*, which apparently is how plaintiff views his imprisonment. Plaintiff seeks, among other relief, the suspension of his sentence and of "[a]ny and all probation and/or supervised release requirements." *Id.* at 6.

Because plaintiff is in essence challenging his conviction and sentence, his recourse lies, if at all, in the procedures set forth at 28 U.S.C. § 2255. *See Taylor v. United States Board of*

*Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (an attack on one's conviction and sentence is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing); accord *LoBue v. Christopher,* 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (determining that the district court lacked subject matter jurisdiction over a declaratory judgment action because the remedy of *habeas corpus* was available in the location of the plaintiffs' custodian); *Williams v. Hill,* 74 F.3d 1339, 1340 (D.C. Cir. 1996) (stating that "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]") (citations omitted).

> Section 2255 provides that:
>
> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Plaintiff has not shown that his available remedy is inadequate or ineffective to test his detention. This Court therefore lacks jurisdiction over the claims. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ United States District Judge

Date: August 16, 2010